IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00336–CMA–KMT

LAURINDA GOODWIN,

    Plaintiff,

v.

SGT. MAPES,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

    This case involves claims that Defendant violated Plaintiff's civil rights. The matter comes before the court on "Defendant's Motion to Dismiss" (Doc. No. 28) and Plaintiff's "Motion for Protection Order Against Defendant" (Doc. No. 10).

**STATEMENT OF THE CASE**

    The following description is taken from Plaintiff's Complaint (Doc. No. 14 [Compl.]) and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated at the La Vista Correctional Facility(LVCF) within the Colorado Department of Corrections (CDOC). (*Id.* at 4.) Plaintiff asserts that on October 13, 2010, Defendant Mapes conducted a random strip search and urinalysis on Plaintiff, during which Plaintiff was directed to remove all of her clothing except her socks. (*Id.*) Plaintiff alleges only her clothes were searched, and then Plaintiff was asked to provide a urine specimen. (*Id.*) Plaintiff alleges she was unable to

produce a urine sample immediately, and she was kept sitting on the toilet, in the nude, for approximately fifteen minutes. (*Id.*) Plaintiff states she "should have been allowed to dress after [Defendant Mapes] conducted" the search. (*Id.*)

Plaintiff asserts claims for violations of her Fourth Amendment rights, misuse of power by a person in a position of trust and authority, and emotional and mental anguish. (*See id.* at 4–6.) Plaintiff seeks compensatory, nominal, and punitive damages. (*Id.* at 8.)

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on May 3, 2011. (Doc. No. 3.) Defendant filed her "Motion to Dismiss" on July 8, 2011. (Doc. No. 28 [Mot.].) Plaintiff did not file a response.

Plaintiff also filed a "Motion for Protection Order Against Defendant" on April 25, 2011. (Doc. No. 10.) Defendant filed a response on July 22, 2011. (Doc. No. 32.) Plaintiff did not file a reply. The motions are ripe for review and recommendation.

## LEGAL STANDARD

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

(citations omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

*2.      Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v.*

*Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### 3.     *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (citations omitted).

## ANALYSIS

*1.      Claim for Emotional and Mental Anguish*

Defendant moves for dismissal of Plaintiff's Claim Three for emotional and mental anguish for lack of subject matter jurisdiction, arguing it is barred by the Colorado Governmental Immunity Act (CGIA), Colo. Rev. Stat. § 24-10-103(4)(a). (Mot. at 3.)

Under Colorado law, a claim for intentional infliction of emotional distress sounds in tort. *Katz v. City of Aurora*, 85 F. Supp. 2d 1012, 1032 (D. Colo. 2000) (citing *Zukowski v. Howard, Needles, Tammen and Bergendoff, Inc.*, 657 F. Supp. 926, 929 (D. Colo. 1987). The CGIA covers "all the circumstances under which the state, any of its political subdivisions, or the public employees of such public entities may be liable in actions which lie in tort or could lie in tort." Colo. Rev. Stat. § 24-10-102. The term "public entity" is defined as "the state, county, city and county, municipality, school district . . . and every other kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to law." *Id.* at § 103(5). "Public employee" is defined as "an officer, employee, servant, or authorized volunteer of the public entity." *Id.* at § 103(4). There is no dispute that Defendant Mapes is a public employee under the CGIA.

Pursuant to Colo. Rev. Stat. § 24-10-109(1), "any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, . . . shall file a written notice" to the public employee within 180 days of the discovery of the

injury."[1] The notice of a claim must be filed with the Colorado Attorney General's office. *Id.* at § 109(3). "Colorado courts strictly construe section 24-10-109(1) and consistently hold that '[c]omplying with the notice of claim [as set forth in section 24-10-109(1) ] is a jurisdictional prerequisite to suit.' " *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839 (10th Cir. 2003) (citing *Gallagher v. Bd. of Trs. for Univ. of N. Colo.*, 54 P.3d 386, 391 (Colo.2002). *See also* Colo. Rev. Stat. § 24-10-109(1). "Furthermore, section 24-10-109(1) is a non-claim statute, meaning that failure to comply with the 180-day period is an absolute bar to suit." *Gallagher*, 54 P.3d at 393.

Colorado courts consistently hold that a plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal. *See Kratzer v. Colorado Intergovernmental Risk Share Agency*, 18 P.3d 766, 769 (Colo. App. 2000) ("[A] claimant must allege in his or her complaint that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim.") (citations omitted); *Deason v. Lewis*, 706 P.2d 1283, 1286 (Colo. App. 1985) ("plaintiff failed to plead compliance with the notice provision, and thus, his tort claims under the [C]GIA were insufficient"); *Jones v. Northeast Durango Water Dist.*, 622 P.2d 92, 94 (Colo. App.1980) (holding that because plaintiff failed to plead compliance with the

---

[1]The statutory notice provisions of the CGIA apply when federal courts hear Colorado tort claims under supplemental jurisdiction. *Maestas v. Lujan*, 351 F.3d 1001, 1013–14 (10th Cir. 2003) (citing *Renalde v. City & County of Denver, Colo.*, 807 F. Supp. 668, 675 (D. Colo. 1992) (holding that Colorado tort claims brought by a private plaintiff under pendent jurisdiction are subject to the notice provisions of the CGIA as a jurisdictional prerequisite to suit).

CGIA notice provisions "[t]hese claims were . . . subject to dismissal at any stage of the proceedings").

In this case, Plaintiff has failed to plead compliance with the CGIA's notice provisions in her Complaint. There also is no record that Plaintiff ever filed a notice of claim with the Colorado Attorney General's office. (*See* Mot., Ex. A-1, ¶ 4.) Furthermore, Plaintiff failed to respond to the motion to dismiss and has not demonstrated any compliance with the CGIA's notice requirement. Therefore, to the extent Plaintiff alleges a state tort claim for emotional and mental anguish, this court lacks jurisdiction, and the claim must be dismissed.

## 2. *Fourth Amendment Claim*

Defendant also moves to dismiss Plaintiff's Fourth Amendment claim for failure to state a claim upon which relief can be granted.

Though inmates have no legitimate expectation of privacy in their cells, they do retain a privacy interest in the integrity of their own persons. *Dunn v. White*, 880 F.2d 1188, 1191 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990). The traditional Fourth Amendment prohibition against unreasonable searches extends to personal body searches of inmates. *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). Each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell*, 441 U.S. at 559. Courts are to evaluate "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." 441 U.S. at 559.

The Tenth Circuit has held that random drug testing of prisoners does not violate the Fourth Amendment because it is reasonably related to legitimate penological interests. *See*

*Lucero v. Gunter*, 17 F.3d 1347, 1349 (10th Cir. 1994)("We therefore hold that the random urine collection and testing of prisoners is a reasonable means of combating the unauthorized use of narcotics and does not violate the Fourth Amendment"). Moreover, because a penal institution "is a unique place fraught with serious security dangers" where the "[s]muggling of money, drugs, weapons, and other contraband is all too common an occurrence," visual body-cavity searches may be conducted without probable cause. *See id.* at 559–60. However, the Tenth Circuit Court of Appeals has held that a prison strip search must be conducted in private unless prison officials have a rational basis for conducting the search in a public place. *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002). Strip searches that are not conducted in private require separate justifications for both the search itself and for the "public" nature of the search. *Farmer*, 288 F.3d at 1260.

Here, Plaintiff fails to allege that the strip search and urinalysis were not reasonably related to a legitimate penological interest. Plaintiff also does not allege the location where the search occurred was unreasonable or that the strip search or urinalysis occurred in the public or in an open area. Rather, Plaintiff alleges that the strip search was conducted by a single female officer, the defendant. Plaintiff also alleges the subsequent time she spent in the nude while waiting to produce a urine specimen was spent sitting on a toilet, and that Plaintiff was observed by only the defendant during this time. (*See* Compl.) Finally, Plaintiff fails to allege that the scope of the search was unreasonable, as she concedes that only her clothing was searched. (*See id.* at 4.) Plaintiff's only allegations relate the manner in which the urinalysis was conducted because she was required to remain in the nude for fifteen minutes while the defendant allegedly

made inappropriate jokes. (*See id.* at 6.) These allegations do not rise to the level of a Fourth Amendment violation. (*See Thayer v. Utah*, No. 2:05-CV01004 DB, 2009 WL 1913264, at *8 (D. Utah June 30, 2009) (dismissing plaintiff's Fourth Amendment claim because search was reasonably related to legitimate penological interest, performed in a reasonable manner in a private area out of view of other inmates, and did not involve unnecessary cavity search or other unnecessarily invasive procedure). Thus, Plaintiff's Fourth Amendment claim is properly dismissed for failure to state a claim upon which relief can be granted.

### 3.     *Claim for Misuse of Power by a Person in a Position of Trust*

In Claim Two, Plaintiff alleges a claim for Defendant's alleged misuse of her power. Plaintiff alleges that Defendant abused her authority and the CDOC's Administrative Regulation that requires searches to be accomplished in a manner to avoid unnecessary embarrassment and in a private and respectful manner. (*See* Compl. at 5.) Plaintiff also alleges the defendant told inappropriate jokes and laughed during the incident at issue. (*Id.*)

Pursuant to 42 U.S.C. section 1983, any person who "under color of ... [law] ... subjects, or causes to be subjected, ... any [person] ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 was enacted to provide protections to those persons wronged by the misuse of governmental power. However, the statute itself creates no substantive civil rights, but only provides an avenue through which civil rights can be redeemed. *See Wilson v. Stock*, 52 F.3d 1547, 1552 (10th Cir. 1995). To state a claim for relief in a section 1983 action, a plaintiff must establish that he was (1) deprived of a right secured by the Constitution or laws of the United

States and (2) that the alleged deprivation was committed under color of state law. *See American Mfr's Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The facts alleged by Plaintiff in Claim Two do not support a constitutional violation under § 1983.

It appears Plaintiff may be alleging Defendant failed to properly follow Administrative Regulation 300-06. (*See* Compl. at 5.) However, prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). Thus, even if prison officials did not strictly follow the prison's internal regulations, such failure would not constitute a violation of Plaintiff's constitutional rights. *See Malik v. Kindt*, No. 95-6057, 1996 WL 41828, at *2 (10th Cir. Feb. 2, 1996) ("a failure to adhere to administrative regulations does not equate to a constitutional violation") (quoting *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir.1993)).

Moreover, to the extent Plaintiff asserts a claim for the Defendant's telling "inappropriate jokes" and laughing (*see* Compl. at 5), verbal abuse, harassment or taunts, by themselves, do not rise to the level of a § 1983 cause of action. *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982). Finally, to the extent Plaintiff has alleged a violation of her Fourth Amendment rights, the court has determined that Plaintiff has failed to state a claim upon which relief can be granted.

Thus, Plaintiff's claim for misuse of power by a person in a position of trust should be dismissed for failure to state a claim.

### *4.     Qualified Immunity*

Defendant argues that, to the extent Plaintiff is suing her in her individual capacity under § 1983, she is entitled to qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct. With regard to this second [prong], the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented.

*Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.* Having concluded above that Plaintiff has failed to state a claim that Defendant violated any constitutional right, Defendant is entitled to qualified immunity on Plaintiff's § 1983 claims.

### *5.     Plaintiff's Motion for Protective Order*

Plaintiff moves for a protective order to keep the defendant from working in the unit where Plaintiff resides and to prevent the defendant from conducting pat searches "in the kitchen where [Plaintiff is] employed." (Doc. No. 10.)

A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).

Here, Plaintiff has failed to address any of the four requisite factors for the court to issue a preliminary injunction. Moreover, the court has recommended dismissal of all of Plaintiff's claims; thus it is unlikely Plaintiff will prevail on the merits. As such, Plaintiff's motion for protective order should be denied.

WHEREFORE, for the foregoing reasons, this court respectfully

RECOMMENDS that

1. "Defendant's Motion to Dismiss" (Doc. No. 28) be GRANTED as follows:

    a. Plaintiff Claim Three for emotional and mental anguish should be dismissed for lacks of jurisdiction;

    2. Plaintiff's Claims One and Two should be dismissed for failure to state a claim upon which relief can be granted, and the defendant is entitled to qualified immunity on Claims One and Two; and

2. Plaintiff's "Motion for Protection Order Against Defendant" (Doc. No. 10) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge